**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

David Brown

    v.                                        Case No. 21-cv-716-JL

Warden, FCI Berlin

**Report and Recommendation**

    David Brown, who is an inmate at the Federal Correctional Facility in Berlin, New Hampshire, proceeding pro se and in forma pauperis, filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c) or, alternatively, transfer to a residential reentry center pursuant to 18 U.S.C. § 3621(b).  He has filed motions for appointment of counsel and for a hearing. His motion is before the court for preliminary review.  See 28 U.S.C. §§ 1915(e)(2) & 1915A; LR 4.3(d)(1).

    Brown's motion was identified at intake as a petition under 28 U.S.C. § 2241.  On further review, however, the motion does not seek relief under § 2241.[1]  Instead, Brown clearly and explicitly seeks relief under § 3582(c)(1) and § 3621(b).[2]

---

[1] Brown previously brought a petition under § 2241 in the District of Kansas, Brown v. Johnston, 21-3010-JWL (D. Kan. Jan. 8, 2021), in which he challenged a disciplinary decision.

[2] Further, to the extent the allegations might be interpreted as supporting petition under § 2241 seeking release on the ground that his court martial conviction was unconstitutional because he was not convicted by a jury, that claim is meritless.  See Ortiz v. United States, 138 S. Ct. 2165, 2174-75 (2018); Solorio v. United States, 483 U.S. 435, 438-39 (1987).

Under § 3582(c)(1), a prisoner may file a motion, seeking reduction of his sentence, in the court that sentenced him. See also 28 C.F.R. § 571.60. In appropriate circumstances, a sentencing court may recommend that custody of a prisoner should be in a residential reentry center. § 3621(b); see United States v. Soto, 14cr216-MMA-2, 2022 WL 594546 (S.D. Cal. Feb. 28, 2022). This court, however, did not sentence Brown.[3]

For purposes of preliminary review under § 1915(e)(2) and § 1915A, the court may dismiss a complaint that fails to state a claim, if the court lacks subject matter jurisdiction, if a defendant is immune from suit, or if the action is malicious or frivolous. In this case, the court lacks jurisdiction to grant the relief Brown requests under § 3582(c) and § 3621(b). See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020); United States v. Summers, 19-80228-JWL, 2020 WL 4596864 (D. Kan. Aug. 11, 2020). Therefore, the district judge should dismiss the complaint for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the undersigned recommends that the district judge dismiss the motion for compassionate release (doc. no. 1), without prejudice, due to lack of jurisdiction,

---

[3] Brown represented in the § 2241 proceeding in Kansas, Brown v. Johnston, 21-3010-JWL (D. Kan. Jan. 8, 2021), that the sentencing court was "Uniform Code of Military Justice, Court-Martial, Fort Leavenworth, Kansas." Id., doc. 1.

and direct that the clerk of court enter judgment accordingly and close the case. The motions for counsel and for oral argument (docs. nos. 9, 13, and 15) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

March 23, 2022

cc: David Brown, pro se